procedurally barred because they were or could have been raised in his prior proceedings. The district court found that its intended sentence had not been "carried into effect"; proposed that it "enter a corrected amended judgment pursuant to U.S.S.G. § 5G1.3(b)(1) stating [that Wilson's] sentence as to [using a minor to produce child pornography] to be a term of 327 months and 17 days ... to be served concurrently with the undischarged term of [his] state court sentence"; and directed the United States to show cause why the district court should not enter an amended judgment. Although the United States responded that the proposed remedy was "appropriate," Wilson objected on grounds that the district court had misstated the length of his sentence and erroneously had dismissed his other arguments. Based on Wilson's objection, the district court vacated its order proposing to modify Wilson's sentence and denied the motion.

The district court did not err by denying Wilson's motion to correct a clerical error. A district court may use Rule 36 to correct a clerical error in a judgment, Fed. R.Crim.P. 36, but the correction "may not be used to make a substantive alteration to a criminal sentence," *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir.2004) (internal quotation marks and citation omitted). Although Wilson's judgment misstates that his crime of production concluded in November 2007, Wilson sought a reduction of his sentence when he argued that the typographical error caused the district court to misapply the 2006 Sentencing Guidelines. Wilson cannot raise a substantive challenge to his sentence in a motion to correct a clerical error.

We **AFFIRM** the denial of Wilson's motion to correct a clerical error.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Celso GUERRA, Defendant–Appellant.

No. 12–15594
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 28, 2013.

Lennard B. Register, III, Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Pamela C. Marsh, Eric K. Mountin, Michael Thomas Simpson, Tallahassee, FL, for Plaintiff–Appellee.

William E. Bubsey, McCord Bubsey Ketchum, LLP, Celso Guerra, FCI Tallahassee–Inmate Legal Mail, Tallahassee, FL, for Defendant–Appellant.

Before HULL, JORDAN and HILL, Circuit Judges.

PER CURIAM:

William E. Bubsey, appointed counsel for Celso Guerra in this appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record

reveals that counsel's assessment of the relative merits of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED,** and Guerra's conviction and sentence in the instant case are **AFFIRMED.**

UNITED STATES of America, Plaintiff–Appellee,

v.

Celso GUERRA, Defendant–Appellant.

No. 12–15704

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 28, 2013.

Robert G. Davies, Lennard B. Register, III, Pensacola, FL, Pamela C. Marsh, Eric K. Mountin, Michael Thomas Simpson, U.S. Attorney's Office, Tallahassee, FL, for Plaintiff–Appellee.

William E. Bubsey McCord Bubsey Ketchum, LLP, Tallahassee, FL, Celso Guerra, Hamilton CI–Inmate Mail, Jasper, FL, for Defendant–Appellant.

Before HULL, JORDAN and HILL, Circuit Judges.

PER CURIAM:

William E. Bubsey, appointed counsel for Celso Guerra in this appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merits of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED,** and Guerra's convictions and sentences in the instant case are **AFFIRMED.**

However, there appears to be a typographical error in the judgment for the instant case. Guerra's statutes of conviction are listed as, in part 21 U.S.C. § 841(b)(1)(A)(*vii* ), in count one and 21 U.S.C. § 841(b)(1)(A)(*iii* ), in count three. It appears that both statutes should instead refer to 21 U.S.C. § 841(b)(1)(A)(viii). Accordingly, the judgment is **VACATED** and the case is **REMANDED** for the limited purpose of correcting a clerical error in the judgment. *See United States v. Massey,* 443 F.3d 814, 822 (11th Cir.2006).

UNITED STATES of America, Plaintiff–Appellee,

v.

Roderick MONROE, Defendant–Appellant.

No. 13–10460

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 29, 2013.

Linda Julin McNamara, Robert E. O'Neill, Tampa, FL, Emmett Jackson